MOORE, Judge,
concurring in the result.
I concur in the- result. In his order granting the motion for a partial summary judgment filed by Sandra Henley, Judge Tom King found .
“that a third party motorist was the at fault party as a matter of law, and also that [Henley] was not contributorily negligent. The only issues which remain outstanding for the trier of fact are that of causation and damages.”
We do not have a record of the hearing on the motion for a partial summary judgment, but, presumably, Judge King “exam-in[ed] the pleadings and the evidence before [him]” and “interrogated] counsel” in order to “ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted,” Rule 56(d), Ala. R. Civ. P., before directing that the trial would focus solely on the contested issues of causation and damages. Even if he did not, the partial-summary-judgment order established the issues to be tried, presumably without objection.
At some point, Judge Pat Ballard took over the case from Judge King. The law-of-the-case doctrine does not compel one trial judge to follow an interlocutory ruling of another trial judge made at an earlier stage of the same proceeding; the second trial judge may, on reconsideration, vacate or modify the interlocutory order upon a question of law. Swafford v. Norton, 992 So.2d 20, 27-28 (Ala.Civ.App.2008). On reconsideration, Judge Ballard could have determined that Judge King had mistakenly limited the issues to be tried, and, upon that determination, it would have been within the discretion of Judge Ballard to modify the partial-summary-judgment order to reflect that the release defense presented by State Farm Mutual Automobile Insurance Company remained an extant issue for trial. However, Judge Ballard did not do so before trial. Instead, he decided on the third day of the trial, after State Farm had first introduced the release into evidence, that State Farm could litigate that defense.
It is apparent from the record that Henley was not prepared for the injection of the release defense into the trial of her case. After failing to convince Judge Ballard that the release should not have been admitted into evidence and that the release defense should not be allowed, Henley’s counsel scrambled to formulate legal arguments to counteract the defense and to elicit some testimony from Henley to prove thát the release should not be enforced. Basic notions of fair play dictate that Henley should have been apprised sooner than the middle of trial that the release defense would be litigated so that she could adequately frame a response and marshal witnesses and other evidence directed to that defense.
Judge Ballard ultimately ruled that any additional notice would not avail Henley because, as a matter-of law, the release she. had executed relieved State Farm from liability-for the'payment of underin- *66 sured-motorist benefits. However, under applicable statutory law, all releases “must have effect according to their terms and the intentions of the parties thereto.” Ala. Code 1975, § 12-21-109 (emphasis added). In Pierce v. Orr, 540 So.2d 1364 (Ala.1989), our supreme court held that, in enacting § 12-21-109, the legislature had intended for the effect of releases to be based on both their terms and the intentions of the parties thereto. In Ford Motor Co. v. Neese, 572 So.2d 1255, 1257 (Ala.1990), our supreme court followed the reasoning in Pierce to hold that, in order to enforce a general release, a party not expressly named in a general release must prove by substantial evidence that it was a party intended to be released, “unless [the unnamed party] paid some part of the consideration for the release and is an agent, principal, heir of, assign of, or otherwise occupies a privity relationship with, the named payor.” Henley correctly points out that State Farm, who was not expressly named in the release, did not present any evidence to satisfy the Neese requirements. Judge Ballard did not have before him any evidence indicating that State Farm had paid any part of the consideration for the release, that it was in privity with the parties expressly releásed, or that the parties to the release intended that the release would inure to the benefit of State Farm. State Farm might be able to present indisputable evidence to establish its defense, but, until,it does, State Farm is not entitled to a judgment as a matter of law.
I agree that the judgment as a matter of law entered in favor of State Farm is due to be reversed and the cause remanded. I note that nothing in this court’s remand instructions prevents Judge Ballard from vacating or modifying Judge King’s order and ruling on the release defense through appropriate summary-judgment proceedings.